**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **DIBY AKO,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 3:22-CV-1751-S-BH** |
| | § | |
| **ARRIVA BEST SECURITY, INC. and** | § | |
| **AMOIFO KOFFI,** | § | |
| **Defendants.** | § | **Referred to U.S. Magistrate Judge** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By electronic order of reference dated March 29, 2023 and August 31, 2023 (docs. 23, 30),
before the Court is the plaintiff's *Motion for Default Judgment against Defendant Amoifo Koffi*, filed
March 24, 2023 (doc. 21), and the plaintiff's *Motion for Default Judgment against Defendant Arriva
Best Security, Inc.*, filed August 30, 2023 (doc. 28). Based on the relevant filings, evidence, and
applicable law, both motions for default judgment should be **DENIED**.

## I.  BACKGROUND

On August 11, 2022, Diby Ako (Plaintiff) sued Arriva Best Security, Inc. (Company) and
Amoifo Koffi (Owner) (collectively, Defendants) for violations of the minimum wage and overtime
provisions of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (FLSA) and for unjust
enrichment. (doc. 1 at 1, 6-8.)[1]

According to the complaint, Company provides various security services to primarily
commercial customers. (*Id.* at 2.) Owner is its principal, director, officer, and/or owner and has an
active role in operating and managing it. (*Id.* at 3.) He had the power to hire and fire Plaintiff,
exercised supervisory authority over his work, determined his work schedule, and made decisions

---

[1]Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

regarding his pay. (*Id.*) "Defendants had at least two employees who engaged in interstate commerce or business transactions, or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce," and their "annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the three calendar years preceding the filing of this Original Complaint." (*Id.*)

From September 2020 to September 2021, Plaintiff worked for Defendants as a firewatch services guard. (*Id.*) In that role, his "primary duties were to inspect Defendants' customers' work sites for fire hazards, to report any potential fire risks, and to monitor to ensure there were no fires." (*Id.* at 4.) He worked at various sites each week and "was often inspecting rooms that contained meters, servers, cable management, and other places where the risk of fire was heightened." (*Id.*) He "regularly used instrumentalities of interstate commerce such as the internet and his cell phone" in the course of his duties for Defendants. (*Id.* at 3.) Defendants promised to pay him $15.00 per hour, and he regularly worked 100 hours per week, but Defendants failed to pay him for any hours worked. (*Id.* at 4.)

On the day this case was filed, August 11, 2022, summonses were issued for Defendants. (doc. 5.) Plaintiff properly served Owner and Company on September 24, 2022, and March 18, 2023, respectively. (docs. 7, 19.) After Defendants failed to answer or respond to the complaint, he sought entry of default (docs. 13, 25); the Clerk of Court entered it as to Owner on February 22, 2023 (doc. 16), and as to Company on August 30, 2023 (doc. 27). Plaintiff now seeks a default judgment against Defendants for actual and liquidated damages in the total amount of $105,560.00

and for $9,153.06 in costs and attorney's fees. (docs. 21 at 4; 28 at 4.)[2]

## II. MOTION FOR DEFAULT JUDGMENT

Plaintiff moves for default judgment under Rule 55 of the Federal Rules of Civil Procedure. (*See* docs. 21, 28.)

Rule 55 sets forth the conditions under which default may be entered against a party, as well as the procedure to seek the entry of default judgment. There is a three-step process for securing a default judgment. *See New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). First, a default occurs when a party "has failed to plead or otherwise defend" against an action. Fed. R. Civ. P. 55(a). Next, an entry of default must be entered when the default is established "by affidavit or otherwise." *See id.*; *New York Life Ins. Co.*, 84 F.3d at 141. Third, a party may apply to the clerk or the court for a default judgment after entry of default. Fed. R. Civ. P. 55(b); *New York Life Ins. Co.*, 84 F.3d at 141. Here, because Defendants have failed to plead or otherwise defend, and Plaintiff has obtained an entry of default on them, the first two requisites for a default judgment have been met. (*See* docs. 13, 16, 25, 27.) Remaining for determination is whether a default judgment is warranted.

" 'Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations.' " *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (quoting *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989)). Moreover, "a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default." *Id.* (quoting *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996) (per curiam)). "There must be a sufficient basis in the pleadings for the judgment entered." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Only well-

---

[2]Although the complaint asserts a separate claim for unjust enrichment, Plaintiff does not seek default judgment for that claim. (*See* docs. 1 at 7; 21; 28.)

pleaded facts, not conclusions of law, are presumed to be true. *Id.* Default judgment "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger–Silas Mason Co., Inc. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984) (per curiam).

The decision to enter a judgment by default is discretionary. *Stelax Indus., Ltd. v. Donahue*, No. 3:03-CV-923-M, 2004 WL 733844, at *11 (N.D. Tex. Mar. 25, 2004). "Any doubt as to whether to enter or set aside a default judgment must be resolved in favor of the defaulting party." *John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc.*, No. 3:12-CV-4194-M, 2013 WL 1828671, at *3 (N.D. Tex. May 1, 2013) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998)). In determining whether the entry of a default judgment is appropriate, courts look to whether default judgment is procedurally warranted, whether the plaintiff's complaint provides a sufficient factual basis for the plaintiff's claim for relief, and whether the requested relief is appropriate. *See J & J Sports Prods., Inc. v. Morelia Mexican Rest., Inc.*, 126 F. Supp.3d 809, 813 (N.D. Tex. 2015) (citing *United States v. 1998 Freightliner Vin #: 1FUYCZYB3WP886986*, 548 F. Supp.2d 381, 384 (W.D. Tex. 2008) (citing *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993)).

## A.    Procedural Requirements

### 1.    *Owner*

When moving for default judgment against an individual defendant, the plaintiff must comply with the Servicemembers' Civil Relief Act (SCRA) by either filing an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit," or filing an affidavit "stating that the plaintiff is unable to determine whether or not the

defendant is in military service." 50 U.S.C. § 3931(b)(1).[3] "[B]ecause the SCRA requires that 'facts must be set forth,' 'an affidavit made upon information and belief is insufficient' to satisfy the statute's affidavit requirement." *Bank of Am. v. Philpott*, No. 4:17-CV-00592-ALM-CAN, 2019 WL 13210620, at *1 (E.D. Tex. Mar. 12, 2019) (quoting *United States v. Simmons*, 508 F. Supp. 552, 552 n.1 (E.D. Tenn. 1980)). "Furthermore, since Fed. R. Civ. P. 55(b)(2) provides that default judgment may not be entered against an infant or incompetent person unless they are represented by a guardian or other representative, the Court also requires the plaintiff to provide an affidavit or declaration that the individual defendant is not an infant or incompetent person." *See Helena Chem. Co. v. Goodman*, No. 5:10-CV-121 DCB JMR, 2011 WL 1532200, at *6 (S.D. Miss. Apr. 21, 2011).

Here, Plaintiff's motion for default judgment states that Owner is not in active military service, citing the attached declaration of his counsel in support, but the declaration does not reference or otherwise refer in any way to Owner's military service. (*See* docs. 21 at 2; 21-3.) Attached to Plaintiff's motion for clerk's entry of default regarding Owner is counsel's declaration, which states: "Based on the information I have received from Plaintiff, I do not believe Defendant Amoifo Koffi is in active military service." (doc. 13-1.) The declaration fails to satisfy the SCRA because it does not contain any factual allegations to support the bare assertion that Owner is not in military service, nor does it "provide any hint as to the efforts exerted in determining [his] military status." *Countrywide Home Loans, Inc. v. Barr*, No. 3:CV-08-00389, 2008 WL 4748202, at *1 (M.D. Pa. July 10, 2008) (explaining that the affidavit "must set forth facts, not merely conclusions, relating to the military service of the defendant" and "must also contain information regarding the efforts exerted to determine the defendant's military status" to comport with the

---

[3]The SCRA's affidavit requirement "may be satisfied by a statement, declaration, verification, or certificate, in writing, subscribed and certified or declared to be true under penalty of perjury." 50 U.S.C. § 3931(b)(4).

SCRA); *see, e.g., House v. Smith*, No. 2:18-CV-04283, 2020 WL 5118047, at *2 (E.D. Pa. Aug. 31, 2020) (denying default judgment because plaintiff's "conclusory statement that [defendant] is not in military service, made without any supporting facts, documentation, or explanation as to what efforts [plaintiff] made to determine [defendant's] military status, fails to satisfy the requirements of the Servicemembers Civil Relief Act"); *Diamond State Ins. Co. v. Taryle*, No. CV-09-0755-PHX-ROS, 2009 WL 10672919, at *2 (D. Ariz. Sept. 3, 2009) (denying motion for default judgment because affidavit of plaintiff's counsel stating "[u]pon information and belief," defendant is not "in the military, or otherwise exempt under the Soldiers' and Sailors' Civil Relief Act of 1940" "neither provide facts nor suggest [p]laintiff has made an attempt to determine [d]efendant['s] status under the SCRA"); *Bank of Nova Scotia v. George*, No. CIV. 2004-105, 2008 WL 501263, at *1 (D.V.I. Feb. 15, 2008) (finding plaintiff's counsel's averment that "I have reviewed [plaintiff's] records in this matter and based upon the information the defendants have provided to [plaintiff], [defendants] are not actively or non-actively serving in the military services" did not meet the requirements of the SCRA because it did "not show necessary facts to support its bare assertion that [defendants] are not in military service"). Additionally, Plaintiff "has not shown that [Owner] is not a minor or an incompetent, two circumstances which preclude entry of default under Rule 55(b)(2)." *United States v. Kees*, No. 2:16-CV-01180, 2018 WL 4473895, at *3 (W.D. La. Aug. 30, 2018), *adopted by* 2018 WL 4473651 (W.D. La. Sept. 18, 2018); *see, e.g., United States v. Goddard*, No. 4:15-CV-0345-O, 2015 WL 6459391, at *2 (N.D. Tex. Sept. 2, 2015) (denying motion for default judgment because plaintiff "has not alleged, nor has it proved by affidavit or otherwise, that [defendant] is not incompetent, a minor, or currently engaged in military

service"). Plaintiff has not met the procedural requirements for default judgment against Owner.[4]

### 2. Company

Courts consider numerous factors in deciding whether to grant a motion for default judgment. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER, MARY KAY KANE & RICHARD L. MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685 (3d ed. 1998). The applicable factors include: (1) the amount of money involved; (2) whether there are material issues of fact or issues of substantial public importance at stake; (3) whether the default is technical in nature; (4) the extent of prejudice to the plaintiff due to the delay; (5) whether the grounds for default are clearly established; (6) the harsh effect of a default judgment; (7) whether the default resulted from a good faith mistake or excusable neglect on the defendant's part; (8) whether the plaintiff's actions contributed to delay; and (9) whether the court would be obligated to set aside the default on motion by the defendant. *Id.*; *see Lindsey*, 161 F.3d at 893 (citing 10A WRIGHT, MILLER, KANE & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 2685); *Stelax Indus.*, 2004 WL 733844, at *11 (same).

Under the first factor, although the requested judgment of $105,560.00 in damages and $9,153.06 in costs and attorney's fees could be considered substantial, "it is not dispositive." *US Green Bldg. Council, Inc. v. Wardell*, No. 3:14-CV-01541-M-BH, 2016 WL 3752964, at *3 (N.D. Tex. June 17, 2016), *adopted by* 2016 WL 3766362 (N.D. Tex. July 11, 2016). Regarding the second factor, there are no material issues of fact in dispute as Company has failed to file any responsive pleadings in this case. *See Nishimatsu Constr. Co.*, 515 F.2d at 1206 (noting that "[t]he defendant, by his default, admits the plaintiff's well pleaded allegations of fact"). Although the default appears to be technical in nature (third factor), Plaintiff is prejudiced and harmed by the continued delay in

---

[4]Because "[a] corporate entity is not a service member under the [SCRA]," *Van Winkle v. JSCP, LLC*, No. H-17-1986, 2018 WL 3756963, at *2 (S.D. Tex. Aug. 8, 2018), an affidavit is not required as to Company.

this case, which is the fourth factor. *See United States v. Fincanon*, No. 7:08-CV-61-O, 2009 WL 301988, at *2 (N.D. Tex. Feb. 6, 2009) (holding that a plaintiff's interests were prejudiced because the defendant's failure to respond brought the adversary process to a halt). Under the fifth and sixth factors, the grounds for default are clearly established, and a default judgment is not unusually harsh under these facts given that Company has received ample notice of this action and sufficient time to respond. *See Lindsey*, 161 F.3d at 893; *see also J & J Sports Prods.*, 126 F. Supp.3d at 814 ("Defendants' failure to respond to Plaintiff's Complaint or otherwise appear in this case for the past ten months 'mitigat[es] the harshness of a default judgment.' ") (citations omitted). The seventh, eighth, and ninth factors similarly favor default judgment because Company has not offered any evidence that its failure to answer was the product of a good faith mistake or excuse, Plaintiff has not contributed to the delay in this case, and there does not appear to be any basis upon which the Court would be obligated to set aside the default. *See Lindsey*, 161 F.3d at 893.

Because Company was properly served in this action and failed to answer or otherwise defend itself, the grounds for default judgment are clearly established. (*See* docs. 19, 27.) Accordingly, the procedural prerequisites for a default judgment against Company are satisfied. *See Ramsey*, 2016 WL 1701966, at *3.

**B.** **Entitlement to Judgment**

Where, as here, a default has been entered under Rule 55, "the factual allegations of the complaint are taken as true." *Pathway Senior Living LLC v. Pathways Senior Living LLC*, No. 3:15-CV-02607-M, 2016 WL 1059536, at *2 (N.D. Tex. Mar. 17, 2016). In determining whether there is a sufficient basis in the pleadings for judgment, the Fifth Circuit "draw[s] meaning from the case law on Rule 8." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 497 (5th Cir. 2015).

Factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," but "detailed factual allegations" are not required. *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). This "low threshold" is less rigorous than that under Rule 12(b)(6). *Id.* at 498. Recognizing that "a defendant must invoke Rule 12 in order to avail itself of that Rule's protections, [while] a default is the product of a defendant's inaction," the Fifth Circuit has "decline[d] to import Rule 12 standards into the default-judgment context." *Id.* at 498 n.3.

Plaintiff alleges that Defendants "failed to pay [him] for all hours worked, as required by the FLSA." (*See* doc. 1 at 6.) Under the FLSA, employers are required to pay employees at a rate of at least one and one-half times their regular rate for hours worked in excess of a forty-hour workweek. *See* 29 U.S.C. § 207(a)(1). The FLSA also requires employers to pay their employees a statutory minimum hourly wage, which is currently $7.25 per hour. *See id.* § 206(a)(1). To state a claim for unpaid minimum wages or overtime compensation under the FLSA, a plaintiff must allege facts sufficient to show that he was an employee "engaged in the production of goods for commerce ('individual coverage') *or* employed in an enterprise engaged in commerce or in the production of goods for commerce ('enterprise coverage')." *Martin v. Bedell*, 955 F.2d 1029, 1032 (5th Cir. 1992) (citation omitted and emphasis original); *see also* 29 U.S.C. § 207(a)(1).[5] "*Either* individual *or* enterprise coverage is enough to invoke FLSA protection." *Id.* (emphasis original). The plaintiff bears the burden of "proving that the FLSA applies to him." *Sobrinio v. Med. Ctr. Visitor's Lodge,*

---

[5]"Commerce" under the FLSA is defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

*Inc.*, 474 F.3d 828, 829 (5th Cir. 2007) (per curiam).

"To adequately plead individual coverage under the FLSA, plaintiffs must allege that, at times relevant to their claim, they were 'engaged in commerce or in the production of goods for commerce.'" *Shorts v. Primeco Auto Towing, L.L.C.*, No. CIV.A. H-13-2794, 2014 WL 3670004, at *2 (S.D. Tex. July 22, 2014) (quoting 29 U.S.C. § 207(a)(2)(C)). "Work that is purely local in nature does not meet the FLSA's requirements, but any regular contact with commerce, no matter how small, will result in coverage." *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010) (internal brackets and quotation marks omitted). If an employee's work "merely affect[s] commerce," it is not sufficient to constitute individual coverage under the FLSA. *Barr v. Custom Design & Installation, Inc.*, No 3:13-CV-4925-M, 2015 WL 1255870, at *2 (N.D. Tex. Mar. 19, 2015) (quoting *Wirtz v. Wohl Shoe Company*, 382 F.2d 848, 850 (5th Cir. 1967)). "The work must be 'entwined with the continuous stream of interstate commerce,' and it is not sufficient that the employee 'used products that had traveled in interstate commerce.' " *Devore v. Lyons*, No. 3:16-CV-01083-BN, 2016 WL 6277810, at *9 (N.D. Tex. Oct. 25, 2016) (quoting *Sontay v. Hin's Garden*, No. H:13-CV-3721, 2014 WL 6722507, at *4 (S.D. Tex. Nov. 26, 2014)). "[P]laintiffs who allege the elements of individual coverage under the FLSA without explaining their involvement in interstate commerce do not sufficiently plead individual coverage." *Platter v. G Force Cement Works, L.L.C.*, No. CV H-19-2012, 2019 WL 5748763, at *3 (S.D. Tex. Nov. 5, 2019) (quoting *Shorts*, 2014 WL 3670004, at *3).

As to enterprise coverage, the FLSA defines "enterprise engaged in commerce or in the production of goods for commerce" as an enterprise that:

> (i) has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials

that have been moved in or produced for commerce by any person; and

(ii) is an enterprise whose annual gross volume of sales made or business done is not less than $500,000[.]

29 U.S.C. § 203(s)(1)(A)(i)-(ii). "The first prong of the enterprise coverage definition can be met in one of two ways: (1) through the 'engaged in commerce' clause, which tracks the language used to determine individual coverage and can be analyzed in essentially the same manner;[6] or (2) the 'handling' clause, which requires separate analysis." *Landeros v. Fu King, Inc.*, 12 F. Supp.3d 1020, 1023 (S.D. Tex. 2014). To establish enterprise coverage under the handling clause, a plaintiff must show that the enterprise "had multiple employees 'handling, selling, or otherwise working on' goods [or materials] that have moved in interstate commerce." *Mendoza v. Detail Sols., LLC*, 911 F. Supp.2d 433, 441 (N.D. Tex. 2012) (quoting 29 U.S.C. § 203(s)(1)(A)(i)) (alteration added). "Courts have held that mere handling of goods or materials that have traveled in interstate commerce creates enterprise coverage." *Badon v. Berry's Reliable Res., LLC*, No. CV 19-12317, 2021 WL 2822252, at *3 (E.D. La. July 7, 2021) (citation omitted).

Here, the complaint does not sufficiently allege facts demonstrating individual or enterprise coverage. The only factual allegations asserted by Plaintiff which potentially relate to individual coverage are that he was a firewatch services guard, he worked at various sites each week "often inspecting rooms that contained meters, servers, cable management, and other places where the risk of fire was heightened," and he "regularly used instrumentalities of interstate commerce such as the internet and his cell phone" in the course of his duties for Defendants. (*See* doc. 1 at 3-4.) These

---

[6]"The difference is that in the individual coverage analysis, the question is whether the plaintiff himself engaged in interstate commerce, whereas in the enterprise coverage analysis, the question is whether any two or more of the business's other employees engaged in interstate commerce." *Mendoza v. Detail Sols., LLC*, 911 F. Supp.2d 433, 440 n.4 (N.D. Tex. 2012).

11

allegations describe his job duties and the nature of his work, but they do not show how his work engaged him in interstate commerce. *See Blundell v. Lassiter*, No. 3:17-CV-1990-L-BN, 2018 WL 6738046, at *5 (N.D. Tex. May 21, 2018) (finding allegations of travel on the interstate highway, use of interstate communications, and description of duties with no factual enhancement to show how plaintiff's work was not simply isolated local activity insufficient for individual coverage under FLSA); *see also Lopez-Santiago v. Coconut Thai Grill*, No. 313-CV-4268-D, 2014 WL 840052, at *4 (N.D. Tex. Mar. 4, 2014) ("Rather than plead specific facts that establish individual coverage, plaintiffs merely recite the statutory elements of individual coverage and rely on conclusory allegations and plaintiffs' job titles.").

While Plaintiff also alleges that he regularly used the internet and his cell phone during his employment with Defendants, he does not plead any facts specifying the interstate nature of those activities, such as describing how his internet and telephonic transmissions went over state lines. Mere use of an instrumentality, without any factual allegations of interstate interaction, is not sufficient to establish individual coverage. *See Devore,* 2016 WL 6277810, at *9 ("While interstate phone calls, transactions, and mail could be indicative of interstate commerce ... and Plaintiff has stated that she prepared business paperwork and called vendors, she has failed to specify the interstate nature of those activities."); *see, e.g., Marquez v. AMRG Holdings*, No. 20-CV-0117-WJM-STV, 2021 WL 411104, at *3 (D. Colo. Feb. 5, 2021) (finding conclusory allegations regarding individual coverage insufficient to support default judgment where plaintiff alleged that she used a telephone to communicate with customers but did not allege whether "she communicated with customers in other states, which is a central point here given that a telephone can clearly be used for intrastate calls only"); *see Cf. Vela v. M&G USA Corp.*, No. 2:17-CV-13,

2020 WL 421188, at *3 (S.D. Tex. Jan. 27, 2020) (finding allegations that plaintiff "communicated across state lines with his employers, utilized the Internet in the course and scope of his employment, and made telephone calls out of state to various individuals and entities in the furtherance of his duties" sufficient to support entry of default judgment). He has therefore failed to allege individual coverage under the FLSA.

As to enterprise coverage, Plaintiff alleges, without factual support, that Defendants "had at least two employees who engaged in interstate commerce or business transactions, or in the production of goods for interstate commerce, or who handled, sold, or otherwise worked on goods or materials that had been moved in or produced for interstate commerce," and their "annual gross volume of sales made or business done was not less than $500,000.00." (*See* doc. 1 at 3.) Plaintiff's threadbare allegations fail to raise any facts suggesting the interstate nature of Defendants' operations, however. *See Centeno v. Facilities Consulting Grp., Inc.*, No. 3:14-CV-3696-G, 2015 WL 247735, at *11 (N.D. Tex. Jan. 20, 2015) (explaining that allegations concerning enterprise coverage require "further factual enhancement" beyond reciting the statutory elements of FLSA enterprise coverage to sufficiently state a claim). Because he offers nothing more than a recitation of the elements relating to enterprise coverage, Plaintiff also failed to plead facts sufficient to support enterprise coverage under the FLSA. *See Ovalle v. DRG Concepts, LLC*, No. 3:17-CV-2714-G, 2018 WL 2762553, at *5 (N.D. Tex. June 8, 2018) (finding that "little more than threadbare recitations of the statutory requirements for enterprise coverage" failed to state a plausible claim for relief under the FLSA); *see, e.g,, Platter*, 2019 WL 5748763, at *3 (finding enterprise coverage was not sufficiently pleaded on motion for default judgment where complaint offered no facts to support the conclusion that plaintiff qualified for FLSA relief based on enterprise

13

coverage other than a "formulaic recitation of the elements" of FLSA enterprise coverage).

Accordingly, entry of default judgment is improper as to Company.

### III.  RECOMMENDATION

Plaintiff's motions for default judgment should be **DENIED without prejudice**.

**SO RECOMMENDED** on this 5th day of October, 2023.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F. 3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

14