IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**DIBY AKO**                                                                                          **PLAINTIFF**

vs.                                              No. 3:22-cv-1751-S

**ARRIVA BEST SECURITY, INC.,**                                    **DEFENDANTS**
**and AMOIFO KOFFI**

## DECLARATION OF ATTORNEY JOSH SANFORD

Pursuant to 28 U.S.C. § 1746, Josh Sanford declares, subject to the penalties for perjury, as follows:

1. My name is Josh Sanford, and I am over the age of 18 and duly qualified to execute this Declaration and to swear to the accuracy of the facts herein contained.

2. I am an attorney licensed and in good standing in the State of Arkansas. I practice law with the law firm of Sanford Law Firm, PLLC (hereinafter "Sanford Law Firm"), which is located in Little Rock, which I founded in Russellville in 2001. I opened an office in Little Rock in 2009 and now predominantly practice in the Arkansas District Courts, together with a busy Western District of Texas practice. We have had eight offices throughout the U.S., and we have had attorneys living and working in five states.

3. I practice law full-time, and I manage the other attorneys in the Sanford Law Firm. *See* "Team," Sanford Law Firm, https://www.sanfordlawfirm.com/team/ (last viewed 14 June 2022).

4. Sanford Law Firm has been recognized as being the premier prosecutor of wage theft violation cases in all federal courts across the United States.

https://unicourt.com/blog/us-district-courts-labor-litigation-2020/ (last visited 9 March 2021).

5.      In the course of my law practice, I engage in a significant amount of wage and hour litigation—specifically cases arising under the Fair Labor Standards Act (FLSA) and the comparable Arkansas Minimum Wage Act (AMWA).  A significant portion of my caseload is in various federal courts around the United States, including trial work in cases arising under Title VII of the Civil Rights Act of 1964, the Equal Pay Act, the FLSA, and the Family and Medical Leave Act.

6.      I am licensed to practice law in all state and federal courts in the States of Arkansas, Colorado, and Texas. I am also actively engaged in appellate practice.  I have handled cases before almost all county Circuit Courts in the Central and River Valley regions of Arkansas, the United States District Courts for the Eastern and Western Districts of Arkansas, the United States District Courts for the Eastern, Southern, Northern and Western Districts of Texas, United States District Court for the Northern District of Oklahoma, United States District Court for the Southern District of Ohio, the United States District Court for the District of Colorado, the United States District Court for the Eastern District of Michigan, the District Court of Nebraska, the United States District Court for the District of Oregon, and the Fifth, Sixth and Eighth Circuit Courts of Appeals—as well as several other district courts.

7.      There is no group of attorneys within 600 miles of Little Rock who have experience comparable to Sanford Law Firm in wage litigation.  Including cases currently being prosecuted throughout the country today, Sanford Law Firm has prosecuted over 1,300 wage cases in federal and state courts and in arbitration proceedings.  In 2018,

only one firm in the United States initiated more wage violation prosecutions than Sanford Law Firm. In 2020, as noted above, Sanford Law Firm ranked first.

8. In 2005, I was voted "Best Attorney" (tie) in a readers' poll published by *The Courier* in Russellville, Arkansas. Subsequently, in 2008, I served as the President of the Pope County Bar Association. In addition, I am or have been a member of the American, Arkansas, and Pope County Bar Associations, the Arkansas Trial Lawyers Association, and the National Employment Lawyers Association.

9. I have been lead counsel on numerous wage and hour cases filed in United States District Courts throughout the nation, including the following: *Craig Lyons, et al. v. Con Agra*, 4:12-cv-245-JM (E.D. Ark.) (over 790 plaintiffs); *Keyli Cruthis, et al. v. Visions, et al.*, 4:12-cv-244-KGB (E.D. Ark.); *James Finley v. Universal Pressure Pumping, Inc.*, SA:12-ca-0654-OG (Western District of Texas); *Michael Alexander v. Hahn Appliance Center, Inc.*, 12-CV-257-CVE-TWL (N.D. Okla.); *Chad Lochridge, et al. v. Lindsey Management, et al.*, 5:12-CV-5047-JLH (W.D. Ark.); *Bill Hollomon, et al. v. AT&T Mobility Services, LLC*, 4:11-cv-600-BRW (E.D. Ark.); *Jeffrey Bacon, et al. v. Eaton Aeroquip, LLC*, 2:11-cv-14103-GD (E.D. Mich.); *Karen "Kay" Roland v. Sharp County Post 336, et al.*, 1:11-CV-85-DPM (E.D. Ark.); *Bennie Watson, et al. v. Surf-Frac Wellhead Equipment Company, Inc.*, 4:11-CV-843 (JLH) (E.D. Ark.); *Robert Terry, et al. v. City of Ola*, 4:11-cv-11-645 (JLH) (E.D. Ark.); *Donald Bateman, et al. v. Frac Tech Services, LLC*, 6:11-cv-708 (E.D. Tex.); *Kalie Brown, et al. v. Barney's Barn, Inc., d/b/a/ Peaches Gentlemen's Club*, 4:11-cv-224 (SWW) (E.D. Ark.); *Jason Phillips v. Oil Patch Water and Sewer Services, LLC, et al.*, 4:11-cv-776 (JLH) (E.D. Ark.); *David Delock, et al. v. Securitas Security Services USA, et al.*, 4:11-CV-520 (DPM) (E.D. Ark.); *Karen Springs, et al. v.*

*First Student, Inc.*, 4:11-CV-00240 (BSM) (E.D. Ark.); *Teramura v. Walgreen Co.*, 5:12-cv-5244-JLH (W.D. Ark.), and many others.

10. I have also been lead counsel on numerous wage and hour cases that resulted in settlements or judgments in favor of my clients including the following: *Coby Pearce v. Frac Tech Services, LLC*, No. 4:12-cv-651-JLH (E.D. Ark.); *Nicole Collins v. Barney's Barn, Inc., et al.*, No. 4:12-cv-685-SWW (E.D. Ark.); *Joseph Gauthier, et al. v. Trican Well Service, L.P.*, No. 6:13-cv-46-LED (E.D. Tex.); *Jason Roche, et al. v. S-3 Pump Service, Inc.*, No. 5:15-cv-268-XR (W.D. Tex.); *Kristen Whitworth, et al. v. French Quarter Partners, LLC*, No. 6:13-cv-6003-RTD (W.D. Ark.); *Robert Terry v. Yell County Ark.*, No. 4:13-cv-408-SWW (E.D. Ark.); *Jessica Guinn v. D J Trucking*, No. 4:13-cv-559-KGB (E.D. Ark.); *Maria Romero de Lopez, et al. v. Ozark Mountain Poultry, Inc.*, No. 5:13-cv-5272-TLB (W.D. Ark.); *Sean Jordan v. Big E. Foods, Inc.*, No. 4:14-cv-205-BRW (E.D. Ark.); *Patricia Hernandez, et al. v. Simmons Foods, Inc.*, No. 5:14-cv-5159-JLH (W.D. Ark.); *Sean Schneider v. Habitat for Humanity International, Inc.*, No. 5:14-cv-5230-TLB (W.D. Ark.); *Pedro Espinoza v. Car-Son Construction, LLC*, No. 4:14-cv-467-KGB (E.D. Ark.); *Sheila Lyles v. City of Trumann, Ark.*, No. 3:14-cv-210-DPM (E.D. Ark.); and *Kellie McCartney v. Baily and Thompson Tax and Accounting, P.A.*, No. 4:14-cv-561-SWW (E.D. Ark.).

11. I have also been lead counsel on several wage and hour cases in which collective actions have been granted including *Sam Adams v. United Cerebral Palsy of Central Ark., Inc.*, No. 4:16-cv-930-JLH (E.D. Ark.); *James Harris, et al. v. Express Courier International, Inc.*, No. 5:16-cv-5033-TLB (W.D. Ark.); and *Dustin Moore, et al. v.*

*Performance Pressure Pumping Services, LLC*, No. 5:15-cv-432-XR (W.D. Tex.), and dozens of others.

12. Since January of 2015, Sanford Law Firm has filed and prosecuted over 1,100 distinct wage lawsuits throughout Arkansas and Texas. We have also filed cases in Ohio, Kentucky, Tennessee, North Carolina, South Carolina, Florida, Georgia, Alabama, Mississippi, Louisiana, Missouri, and Illinois. Many of these lawsuits are or were group or collective actions, as well as several class actions under Rule 23.

13. Collectively, cases filed by the Sanford Law Firm since 2009 have resulted in far more than $13,000,000.00 in settlements and judgments for wage and hour violations for more than three thousand clients across the nation.

14. The National Association of Legal Fee Analysis (NALFA) reports, based on a national survey of more than 2,000 litigators, that the average rate for plaintiffs' attorneys engaged in complex litigation in 2020 was $445.00 per hour. *See* "NALFA Releases 2020 Average Hourly Rates in Litigation," NALFA, http://www.thenalfa.org/blog/nalfa-releases-2020-average-hourly-rates-in-litigation/ (last visited 5 April 2021). The hourly rates requested for attorneys in this case all fall below the NALFA average with the exception of my hourly rate, which is slightly higher than the NALFA average but is consistent with my qualifications.

15. In addition, I and other attorneys at Sanford Law Firm have been awarded rates that are comparable to those requested herein. *See Sheffield v. Stewart Builders, Inc.*, No. H-19-1030, Doc. No. 60, p. 12 (S.D. Tex. Filed March 10, 2021) (awarding hourly rates of $450.00 to attorney Josh Sanford, $350.00 to attorney Anna Stiritz, $300.00 to attorney Vanessa Kinney, $285.00 to attorney Steve Rauls); Order Granting Plaintiffs'

Motion for Attorneys' Fees and Costs, *Moore v. Performance Pressure Pumping Services, LLC, and Epic Wireline Services, LLC*, No. 5:15-cv-432-RC, *consolidated with* No. 5:15-CV-346-RCL (W.D. Tex. Aug. 14, 2019), ECF No. 174, adopting ECF No. 168 (awarding the following hourly rates: $500.00 to Josh Sanford; $350.00 to Vanessa Kinney; and $225.00 to Sean Short).

16. Other case law supports the rates requested in this case. As far back as 2014, a court in the Western District of Texas, San Antonio Division awarded hourly rates of $400.00 and $250.00 in a FLSA case. *Meesook v. Grey Canyon Family Med., P.A.*, Civil Action No. 5:13-cv-729-XR, 2014 U.S. Dist. LEXIS 143081 (W.D. Tex. Oct. 8, 2014); *see also MidCap Media Fin., LLC v. Pathway Data, Inc.*, No 15-60, 2018 WL 7890668, at *2 (W.D. Tex. Dec. 19, 2018) (approving a $755 hourly rate in a breach-of-contract case); *Xpel Techs. Corp. v. Carlas Int'l Auto. Accessory, Ltd.*, No. 16-1308, 2017 WL 9362801, at *9 (W.D. Tex. Nov. 27, 2017) (approving a $545 hourly rate for attorneys at a large law firm who obtained a default judgment in a trademark infringement case); *City of San Antonio v. Hotels.com, L.P.*, No. 6-381, 2017 WL 1382553, at *11 (W.D. Tex. Apr. 17, 2017) (awarding attorneys with ten to twenty years of experience $475 hourly, and attorneys with five to nine years of experience $350 hourly in a class action under the Texas Tax Code); *Clark v. Centene Corp.*, No. 5:12-CA-174-SS, 2015 WL 6962894, at *8 (W.D. Tex. Nov. 10, 2015) (finding an hourly rate of $425 reasonable for highly skilled and experienced attorneys who command an above-median rate); *Sierra Club v. Energy Future Holdings Corp.*, No. 12-108, 2014 WL 12690022, at *6 (W.D. Tex. Aug. 29, 2014) (awarding out-of-district counsel in a Clean Air Act case $925 per hour after finding that rate reasonable given their home market).

17. The rates charged by Sanford Law Firm's attorneys are reasonable. The rates are reflective of the number of years each attorney has practiced, the attorneys' expertise in employment issues such as the FLSA, the contingent nature of an award of fees, and the rates charged by other attorneys specializing in FLSA work. The staff time and hourly rate for the Sanford Law Firm below are likewise reasonable and comparable.

18. Individual billing requested in this case, including the requested hourly rates for each attorney and support staff member, is summarized below:

| Billed By | Rate | Time | Value |
|---|---|---|---|
| April Rhéaume | $290.00 | 9.70 | $2,813.00 |
| Courtney Lowery | $220.00 | 2.00 | $440.00 |
| Data Analyst | $75.00 | 0.50 | $37.50 |
| Josh Sanford | $470.00 | 1.80 | $846.00 |
| Law Clerk | $110.00 | 1.50 | $165.00 |
| Paralegal | $145.00 | 6.20 | $899.00 |
| Patrick Wilson | $360.00 | 5.10 | $1,836.00 |
| Sean Short | $255.00 | 2.70 | $688.50 |
| Stacy Gibson | $290.00 | 2.90 | $841.00 |
| Staff | $90.00 | 5.00 | $450.00 |
| Vanessa Kinney | $360.00 | 1.10 | $396.00 |
| Grand Total | | 38.50 | $9,412.00 |

19. Each attorney's hourly rates are supported by their skills and experience, some of which are described more thoroughly below:

   a. Attorney April Rhéaume graduated from the UALR William H. Bowen School of Law with high honors in 2015. While attending law school, Ms. Rhéaume clerked in the Arkansas Attorney General's Office and the Arkansas Securities Department, as well as with several law firms in Little Rock, Arkansas. Ms. Rhéaume has experience in administrative law, legislation, litigation, mediation, contract drafting and settlement negotiations, and focuses her practice primarily on employment law.

   b. Attorney Courtney Lowery graduated from Arizona State University, Magna Cum Laude, in 2012 with a B.A. in English Literature. After the Air Force stationed her husband in Arkansas, she attended William H. Bowen School of Law, during which she served on the Law Review Editorial Board and

      was a member of the Student Animal Legal Defense Fund as well as the student chapter of the Arkansas Association of Women Lawyers. She graduated in 2019, Magna Cum Laude, and began working at Sanford Law Firm as an employment lawyer with a focus on the Fair Labor Standards Act.

c. Attorney Patrick Wilson graduated from the Jacob D. Fuchsberg Law Center, Long Island, NY in 2006. Mr. Wilson is a member of the New York Bar since 2007 and the Arkansas Bar since 2021. For fourteen years, Mr. Wilson worked with Staff Counsel for Allstate Insurance Company as a Senior Trial Attorney before moving to Arkansas and joining the Sanford Law Firm. As a Trial Attorney, Mr. Wilson litigated numerous personal injury, property damage and subrogation cases, conducted arbitrations and mediations

d. Attorney Sean Short graduated from the Washington University in St. Louis School of Law in 2013. Since 2016, Mr. Short's legal practice has focused almost exclusively on wage and hour litigation. As a law student, Mr. Short completed a clerkship in Washington D.C., with the Department of Justice's Federal Tort Claims Act Section. Prior to joining Sanford Law Firm, Mr. Short worked in Bangkok, Thailand in the litigation department of an international law firm, as well as a multi-national software development company.

e. Attorney Stacy Gibson graduated cum laude from the University of Arkansas School of Law in 2014. While attending law school. Ms. Gibson was a Note and Comment Editor for the Journal of Food Law & Policy. Ms. Gibson litigated family law, probate, and general civil matters throughout the state before focusing her practice on FLSA cases. She has served as co-counsel on numerous single-plaintiff and collective action FLSA cases in Arkansas district courts and in arbitration, as well as served as lead counsel in a collective action for a group of 189 plaintiffs in the Southern District of Mississippi. She has litigated several FLSA cases for law enforcement officers, including this one. Ms. Gibson is a member of the Arkansas Trial Lawyers Association. Ms. Gibson has worked on hundreds of wage cases.

f. Attorney Vanessa Kinney is a 2007 high honors graduate of the University of Arkansas at Little Rock, William H. Bowen School of Law, graduating eighth in her class. While attending law school, Ms. Kinney was a member of the University of Arkansas at Little Rock Law Review, and had an article published in the Winter of 2006 issue. While attending Law School, Ms. Kinney served in the Law School's Litigation Clinic under special license to practice law under the supervision of a licensed attorney. Since joining Sanford Law Firm, Ms. Kinney has served as both lead attorney and co-counsel on bench and jury trials in both federal and state courts and currently focuses primarily on briefing issues in FLSA cases. Ms. Kinney

focuses her practice primarily in the area of employment law, particularly the Fair Labor Standards Act and Arkansas Minimum Wage Act. Ms. Kinney's wage and hour experience dates back to 2010, and she has experience in wage and hour cases from the inception of cases to trial, and all the way through the appeals process. Ms. Kinney has worked on hundreds of wage lawsuits and is the primary drafter of briefs and motions that are second to none.

20. The Sanford Law Firm's work focuses on representing workers in employment matters, and its lawyers focus their practices in the area of the FLSA and similar wage-and-hour cases. In the community of attorneys who focus their practice in this area of the law, the Sanford Law Firm has a strong reputation for its quality of work and diligent representation of its clients.

21. The lawyers at the Sanford Law Firm often have opportunities for greater responsibility and experience than many of their peers in the legal community with the same years of experience practicing law. What I mean by this is that because of the management style at the Sanford Law Firm, lesser-experienced attorneys are able to independently manage their own cases with the oversight of more experienced attorneys and are supported by a firm culture of collaboration and accessibility to all Sanford Law Firm attorneys. Lesser-experienced attorneys with Sanford Law Firm find themselves effectively navigating litigation with far more experienced opposing counsel, as well as successfully taking on far more responsibility than many of their peers of equal experience at other law firms.

22. Due to this culture of personal responsibility, conferences between attorneys of differing levels of experience ensure that less experienced attorneys receive the benefits of the skills and knowledge of more experienced attorneys.

23. Sanford Law Firm represented Plaintiff in this case on a contingency basis and paid all out-of-pocket costs, including filing and service fees, copying costs, and other such expenses without any assurances that fees or costs would be recovered. The "contingency" fee award sought by Sanford Law Firm is not a contingency fee in the traditional sense whereby an attorney takes a portion of the plaintiff's recovery. Rather, Sanford Law Firm relies on the fee-shifting provisions of the FLSA and AMWA to recover their fees in this case.

24. Not only is there no guarantee that any fees and costs will be recovered in a contingency fee case, but any recovery made will be delayed as compared to clients who make up-front or monthly payments as litigation proceeds. In contingency fee cases, an attorney is not paid for months or even years, depending on how long it takes for litigation to conclude.

25. This type of work is time-consuming and rigorous, and the amount of time spent by our firm at each step in this case is reasonable. It is not uncommon in the course of my practice for clients with similar cases to incur attorney's fees that are as much as or more than those in this case.

26. With these matters in mind, I reviewed the hourly rates for the attorneys and staff that the Sanford Law Firm is seeking in this case.

27. Based on my experience and knowledge, it is my opinion that these hourly rates are reasonable given the attorneys' skills, expertise, and reputations, and they are within the range of rates awarded to attorneys with similar backgrounds and experience.

28. The request for attorney's fees and costs is based upon contemporaneous time and expense records maintained by Sanford Law Firm as a matter of ordinary and

customary business practice. The time and billing records identify the amount of time expended, the tasks performed, the rate of the particular timekeeper involved, and the costs incurred. A true and accurate copy of a spreadsheet reflecting relevant legal services rendered and time expended on this case through 16 March 2023, is attached hereto as Exhibit 4 (hereinafter "Billing Spreadsheet").

29.     Each task reflected in the attached Billing Spreadsheet was necessary to the successful resolution of this matter; the hours expended were actually expended on the topics stated; the time spent on each task was reasonable; and the rates claimed are also reasonable.

30.     Conferences between the attorneys of the Sanford Law Firm, as well as between attorneys and staff of the Sanford Law Firm, are critical to the success of cases like this one because they improve the efficiency and quality of attorney work. Tasks can be delegated to Sanford Law Firm attorneys who are more experienced in certain types of projects or topics to increase the speed, accuracy or quality for accomplishing the task, or to attorneys whose hourly rates are lower to keep costs down, especially where the speed at which a task can be accomplished will be largely the same regardless of who performs the task. In the case of collective actions, in-house conferences allow attorneys to share the load of multi-plaintiff litigation.

31.     Attorney conferences also increase efficiency because they allow attorneys to share their specific legal knowledge of particular topics, thereby preventing an attorney who is working on a project from having to spend time doing the research, creating a new legal form, or otherwise "re-inventing the wheel." In this way, even less experienced attorneys are able to work more efficiently and with greater quality than other attorneys

of comparable experience. In fact, this "communal" knowledge benefits even more experienced attorneys who may be assisted by a less experienced attorney who simply has a particular skill set or knowledge of a topic that can be quickly shared through communication.

32. Because of Sanford Law Firm's collective knowledge of and experience in FLSA work and use of attorney collaboration, Plaintiff's counsel was able to complete tasks efficiently, which served to keep billing lower than it would have been without that knowledge, experience, and collaboration.

33. Attorney-client communication is also critical to the success of Sanford Law Firm cases. First, all communication from clients is important. In my experience, when a client feels he or she is being ignored by attorneys, that reduces the level of trust between the client and the attorney, which damages the attorney-client relationship. This, in turn, makes quality representation of the client extremely difficult and reduces efficiency. Further, attorneys must trust that their clients are reliable and accessible. Approaching deadlines, settlement conferences, and other issues in a case often demand immediate client response, so a healthy attorney-client relationship is a necessary part of the litigation process.

34. In order to protect the attorney-client relationship and privilege, entries in the Billing Spreadsheet that reveal the substance of conversations with clients or are otherwise privileged have the substantive portions removed and replaced with the phrase "PRIVILEGED INFORMATION." However, the replaced language has been preserved and can be produced for in-camera review if this Court believes that such a review is necessary in order to award fees related to these entries.

35. One of Sanford Law Firm's strengths is its array of attorneys with specialized knowledge or particular areas of expertise that can participate in cases where their unique skill sets are appropriately utilized. Not every attorney has to know everything about the FLSA, damages calculations, negotiation strategy, settlement agreements, or other aspects of litigation because every Sanford Law Firm attorney has access to all of the other Sanford Law Firm attorneys and their collective knowledge. This saves time because individual attorneys can gain knowledge through brief conversations with other attorneys rather than through time-consuming legal research on an issue. Even where legal research is required, the focus of that research can often be narrowed through consultation with other attorneys.

36. Where appropriate, Sanford Law Firm attorneys also delegate work to paralegals, law clerks and staff. The hourly rates charged for Sanford Law Firm's paralegals, law clerks and staff are reasonable. *See e.g.*, *DeHoyos v. Allstate Corp.*, 240 F.R.D. 269, 324–25 (W.D. Tex. 2007) (finding the following rates appropriate in a complex, national class action involving discrimination claims: $550 and $500 per hour for senior and lead counsel; between $475 and $350 per hour for other counsel and associate attorneys; between $200 and $130 for legal assistants, paralegals, investigators and non-secretarial support staff); *Chamberlain v. Waller Cty. Asphalt Inc.*, No. 4:19-CV-4941, 2023 U.S. Dist. LEXIS 88, at *7 (S.D. Tex. Jan. 3, 2023) ("Finally, the Court finds the reasonable rate for paralegal work to be $125 per hour."). The work performed by support staff members, in this case, was necessary to the litigation and the time spent on those tasks was reasonable.

37.     The total overall billing reflected in the Billing Spreadsheet is $9,412.00. Although the work reflected in the Billing Spreadsheet was reasonable, a twelve percent (12%) reduction in the total billing amount is sufficient to address any billing that the Court may find to be unnecessary or inefficient. Therefore, the total fee amount requested is $8,282.56, which accounts for this twelve percent reduction to overall billing.

38.     In addition, court costs and recoverable expenses were also incurred in this matter. These costs, totaling $870.50, are included in the Costs Invoice attached hereto as Exhibit 5. The costs and expenses detailed in the Invoice that have been advanced by the Sanford Law Firm on behalf of Plaintiff, and which Plaintiff is contractually obligated to reimburse Sanford Law Firm out of any recovery in this case.

39.     The amount of the costs requested is correct. The costs stated were necessarily incurred during the case, the services giving rise to the costs were actually and necessarily performed.

40.     In sum, the total amount of fees and costs requested is $9,153.06.

**PURSUANT TO 28 U.S.C. § 1746, I VERIFY UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND CORRECT.**

Executed on this day April 10, 2024.

*/s/ Josh Sanford*
**JOSH SANFORD**