IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

**DIBY AKO**                                                              **PLAINTIFF**

vs.                                    No. 3:22-cv-1751-S

**ARRIVA BEST SECURITY, INC.,**                              **DEFENDANTS**
**and AMOIFO KOFFI**

## BRIEF IN SUPPORT OF RENEWED MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS ARRIVA BEST SECURITY, INC., AND AMOIFO KOFFI

### I.        INTRODUCTION

Plaintiff Diby Ako ("Plaintiff") is entitled by operation of law to a judgment by default against Defendants Arriva Best Security, Inc., and Amoifo Koffi ("Defendants"), as a result of Defendants' failure to file any responsive pleading herein within the time allowed by the Rules. As fully set forth below, Plaintiff has alleged facts which establish a basis for the claims relating to violations of the minimum and overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). Also, as more fully set forth herein below, Plaintiff has established that he is entitled to damages in the amount of $105,560.00, which includes damages for uncompensated hours worked, unpaid minimum and overtime wages, and an equal amount in liquidated damages. Plaintiff is also entitled to an award of attorney's fees in the amount of $8,282.56 and costs in the amount of $870.50.

Page 1 of 11
Diby Ako v. Arriva Best Security, Inc., et al.
U.S.D.C. (N.D. Tex.) Case No. 3:22-cv-1751-S
Brief in Support of Renewed Motion for Default Judgment

## II.    PROCEDURAL BACKGROUND

On August 11, 2022, Plaintiff filed the current lawsuit. ECF No. 1. Defendant Amoifo Koffi was served with the Complaint on September 24, 2022 (ECF 7), and Defendant Arriva Best Security, Inc. was served with the Complaint on March 18, 2023 (ECF No. 19).

Pursuant to Rule 12(a), Defendant Amoifo Koffi's was required to file and serve a responsive pleading to Plaintiff's Complaint by no later than October 15, 2022, and Defendant Arriva Best Security, Inc. was required to file and serve a responsive pleading by no later than April 10, 2023. Both Defendants failed to timely serve any responsive pleading whatsoever. On February 22, 2022, this Court entered Default against Defendant Amoifo Koffi (ECF No. 16) and on August 30, 2023, this Court entered Default against Defendant Arriva Best Security, Inc. (ECF No. 27). Plaintiff moved for default judgment against Defendant Amoifo Koffi on March 24, 2023 (ECF No. 21), and for default judgment against Defendant Arriva Best Security, Inc., on August 30, 2023 (ECF No. 28).

On October 5, 2023, the United States Magistrate Judge recommended that the Court deny without prejudice Plaintiff's Motions for Default Judgment, *see* ECF No. 31, and the Court accepted that recommendation, *see* ECF No. 31. Pursuant to Rule 55(b)(2), Plaintiff renews his request that this Court enter default judgment against Defendants as set forth herein below.

## III.    DEFAULT JUDGMENT STANDARD

Pursuant to Rule 55, following the entry of a party's default by the Clerk, the Court may enter a default judgment against the defaulting party upon application by the non-defaulting party. Fed. R. Civ. P. 55. When entering a default judgment, the Court takes the

Page 2 of 11
Diby Ako v. Arriva Best Security, Inc., et al.
U.S.D.C. (N.D. Tex.) Case No. 3:22-cv-1751-S
Brief in Support of Renewed Motion for Default Judgment

facts alleged in the non-defaulting party's complaint as true. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). Where the claim is for an indefinite or uncertain amount of damages, facts relating to the amount of damages must be proved in a supplemental hearing or proceedings. *UA Corp. v. Freeman*, 605 F.2d 854, 856 (5th Cir. 1979)*.*

## IV.    BRIEF FACTUAL BACKGROUND

As noted above, on motion for default judgment, the factual allegations contained in Plaintiff's Complaint must be taken as true. Plaintiff Diby Ako is a resident of the District of Columbia. ECF No. 1, Compl. ¶ 8; Exhibit 1, Declaration of Diby Ako ("Decl. Ako") ¶ 2. Arriva Best Security, Inc. ("ABS") is a foreign for-profit corporation headquartered in Texas. ABS's registered agent for service of process is Amoifo Koffi, 9330 LBJ Freeway, Suite 900, Dallas, Texas 75243.headquartered in Texas. Compl. at ¶¶ 5, 10, 12. Amoifo Koffi ("Koffi") is an individual and resident of California, and is a principal, director, officer, and/or owner of foreign for-profit corporation ABS. *Id*. at ¶¶ 5, 13,10, 11. ABS is a business subject to the FLSA because its annual gross volume of sales made, or business done is at least $500,000.00 and it has at least two employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce. *Id*. at ¶¶ 14-15.

Defendants employed Plaintiff as a fire watch services guard from September of 2020 until September of 2021. *Id.* at ¶ 18; Decl. Ako ¶ 9. Defendants determined the number of hours worked by Plaintiff, the manner in which Plaintiff performed his job duties, and his schedule. Compl. at ¶ 12. Plaintiff's primary duties included, but were not limited to, inspecting Defendants' customers' work sites for fire hazards, reporting any potential

Page 3 of 11
Diby Ako v. Arriva Best Security, Inc., et al.
U.S.D.C. (N.D. Tex.) Case No. 3:22-cv-1751-S
Brief in Support of Renewed Motion for Default Judgment

fire risks, and monitoring to ensure there were no fires. *Id*. at ¶ 20; Decl. Ako ¶ 10. Plaintiff was promised by Defendants an hourly pay of $15.00 for all hours worked; however, Plaintiff was paid neither an hourly or salary rate. Compl. at ¶¶ 23, 27; Decl. Ako ¶ 15. Plaintiff was hired by Defendants to work for a continuous and ongoing period of time. Compl. at ¶ 31. Defendants made statements to third parties regarding Plaintiff's employment status, that he was paid $15.00 per hour and worked 100 hours per week. *Id*. at ¶ 35; Decl. Ako, Ex. B. Defendants did not compensate Plaintiff for any of the work he performed at any point during his employment with Defendants. Compl. at ¶ 30. Defendants failed to pay Plaintiff a lawful minimum wage for all hours worked. *Id*. at ¶ 29. Defendants willfully violated the provisions of 29. U.S.C. §§ 206 and 207 by employing employees engaged in commerce at an hourly rate less than the federal minimum wage and by failing to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) in a week. *Id*. at ¶¶ 47-53.

## V.     ARGUMENT

A.     <u>Plaintiff has established that the FLSA applies to him, Defendants violated the minimum wage and overtime provisions of the FLSA, and he is entitled to damages for all unpaid compensation.</u>

Plaintiff has established that the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA") applied to his work, Defendants violated the minimum wage and overtime provisions of the FLSA, and he is entitled to damages for all back wages and/or unpaid overtime compensation. Specifically, Plaintiff was an employee engaged in commerce such that individual coverage under the FLSA applies to him, Defendants did not pay Plaintiff a regular rate sufficient to meet the federal minimum wage requirement or at a rate of one and one-half times her regular rate for all hours worked over forty (40) hours

Page 4 of 11
Diby Ako v. Arriva Best Security, Inc., et al.
U.S.D.C. (N.D. Tex.) Case No. 3:22-cv-1751-S
Brief in Support of Renewed Motion for Default Judgment

per week. Because Plaintiff was entitled to the protections of the FLSA and Defendants violated the regular rate and overtime provisions of the FLSA, Plaintiff is entitled to damages for all unpaid back wages and unpaid overtime compensation.

"An employee is considered personally engaged in interstate commerce when the work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Dunphy v. Project Aristocrat Life Found.*, No. H-17-1225, 2019 U.S. Dist. LEXIS 198632, at *17 (S.D. Tex. Nov. 15, 2019) (internal quotation marks omitted). "Any regular contact with commerce, no matter how small, will result in coverage." *Id.* at 17–18 (citing *Sobrinio v. Medical Center Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007)) (internal editing marks omitted). ABS is a multi-state operation that contracts with businesses around the country to provide onsite security guard and fire watch services. Decl. Ako at ¶ 7. Defendants' main office is in Texas, but they also have an office in Beverly Hills, California. *Id.* at ¶ 8. As a fire watch services guard for Defendants, Plaintiff worked in both Texas and Virginia. *Id.* at ¶ 11. In performing his job, Mr. Koffi, from Defendants' office in California, would regularly call Plaintiff to ask for site updates and to provide him with work instructions in order to ensure he was doing his job correctly and that there were no issues with the services ABS was contracted to provide at the site. *Id.* at ¶ 13. In addition to the day-to-day communications Plaintiff had with Mr. Koffi, Plaintiff would also communicate with Defendants' office in California via email when he had questions related to his employment. *Id.* at ¶14.

29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty per week.

**Page 5 of 11**
**Diby Ako v. Arriva Best Security, Inc., et al.**
**U.S.D.C. (N.D. Tex.) Case No. 3:22-cv-1751-S**
**Brief in Support of Renewed Motion for Default Judgment**

29 U.S.C.S. § 207. Plaintiff regularly worked in excess of forty (40) hours per week during his tenure with Defendants. Compl. ¶ 28. In fact, Defendants made statements to third parties regarding Plaintiff's employment status, stating that Plaintiff worked 100 hours per week. *Id*. at ¶ 35; Decl. Ako, Ex. B. During Plaintiff's employment with Defendants, Defendants failed to pay Plaintiff a lawful minimum wage for all hours worked. Compl. at ¶ 61. This is a violation of the overtime provisions of the FLSA, 29 U.S.C. § 201 et seq.

"An employee who brings suit under [29 U.S.C. 216(b)] of the [FLSA] for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–87 (1946). However, based on the purposes of the FLSA, the employee's burden of proof is relaxed where the employer has failed to keep accurate records containing the information required under the FLSA. *Id*. at 687–88.

Plaintiff has submitted a sworn declaration with supporting exhibits regarding his job duties and uncompensated wages that is in line with the allegations made in the Complaint. As such, Plaintiff has established that the FLSA applied to him, and Defendants violated the minimum wage and overtime provisions of the FLSA. Therefore, Plaintiff is entitled to damages for all back wages and unpaid overtime compensation within the statute of limitations.

Further, Plaintiff is entitled to liquidated damages regarding his regular rate and overtime rate judgment. When an employer is found to have violated the overtime payment requirements of the FLSA, the employer "shall be liable" to the employee for liquidated damages in an amount equal to the amount of overtime compensation owed.

Page 6 of 11
Diby Ako v. Arriva Best Security, Inc., et al.
U.S.D.C. (N.D. Tex.) Case No. 3:22-cv-1751-S
Brief in Support of Renewed Motion for Default Judgment

29 U.S.C. § 216. As set forth above, liquidated damages are not penal in nature, but represent compensation to the employee for otherwise obscure and difficult to prove damages. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945). Subject to the discretion of the Court, an employer may be wholly or partially relieved of his duty to pay liquidated damages *only if the employer proves* "that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act." 29 U.S.C. § 260; *see also Klein v. Rush-Presbyterian-St. Like's Med. Ctr.*, 990 F.2d 279, 282 (7th Cir. 1993) ("The FLSA is a remedial act and exemptions from its coverage are to be narrowly construed against employers;" citations omitted); *Lorillard, Div. of Loew's Theatres, Inc. v. Pons*, 434 U.S. 575, 581 n.8 (1978) (noting that liquidated damages are mandatory unless the employer can satisfy the Court that the act or omission was in good faith.). An employer who violates the FLSA carries the burden of proving its claim of good faith and reasonable grounds, and the employer must show that it acted in both objective and subjective good faith, which requires that an employer demonstrate that it "took affirmative steps to ascertain the [FLSA's] requirements but nonetheless violated its provisions." *Martin v. Ind. Mich. Power Co.*, 381 F.3d 574, 584 (6th Cir. 2004); *Klien*, 990 F.2d at 283 ("The employer bears the burden of proving the application of an exemption," citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 196-98 (1974).). Liquidated damages are "the norm" where an FLSA violation is found. *Id*. Whether to award liquidated damages is a question for the Court, not the jury. *Kanatzer v. Dolgencorp. Inc.*, 2010 U.S. Dist. LEXIS 67798 at *24 (E.D. Mo. July 8, 2010).

**Page 7 of 11**
**Diby Ako v. Arriva Best Security, Inc., et al.**
**U.S.D.C. (N.D. Tex.) Case No. 3:22-cv-1751-S**
**Brief in Support of Renewed Motion for Default Judgment**

The FLSA directs that liquidated damages in an amount equal to any judgment awarded on a minimum wage or overtime pay violation claim be awarded if the employer fails to carry its burden of proving that it acted in good faith and with reasonable grounds for violating the FLSA.29 U.S.C. § 216(b). Because Defendants failed to meet their burden of proving that they acted in objective and subjective good faith, Plaintiff should be awarded liquidated damages equal to any amount of unpaid overtime awarded.

In addition, the FLSA mandates that an employee who is awarded damages against his or her employer for minimum wage or overtime violations of the FLSA be awarded a reasonable attorney's fees and costs incurred in having pursued the case. Specifically, 29 U.S.C. § 216(b) states that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fees to be paid by the defendant, and costs of the action." (emphasis added). Plaintiff requests that this Court accept the amounts of costs and attorney's fees incurred by Plaintiff submitted with the Plaintiff's Motion for Default Judgment.

B.    Plaintiff has established a basis for an award of reasonable attorneys' fees and costs in the amount of $9,153.06.

Plaintiff has established that Defendants violated the minimum wage and overtime provisions of the FLSA. Pursuant to 29 U.S.C. § 216(b) and Fed. R. Civ. P. 54, Plaintiff is entitled to an award of reasonable attorneys' fees and costs.

An award of reasonable attorneys' fees and costs to the prevailing party is mandatory under the FLSA. 29 U.S.C. § 216(b); *Fegley v. Higgins*, 19 F.3d 1126, 1134 (6th Cir. 1994). Congress enacted the fee-shifting provision of the FLSA "to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances." *Fegley*, 19 F.3d at 1134; *see also* 29 U.S.C. § 202.

**Page 8 of 11**
**Diby Ako v. Arriva Best Security, Inc., et al.**
**U.S.D.C. (N.D. Tex.) Case No. 3:22-cv-1751-S**
**Brief in Support of Renewed Motion for Default Judgment**

Compensating plaintiffs' attorneys, who act as private attorneys general lending their unpaid work to society, furthers Congress's public policy goal under the FLSA, which is to protect workers from unfair labor practices, as stated:

> The design of the Fair Labor Standards Act is intended to rectify and eliminate 'labor conditions detrimental to the maintenance of the minimum standard living' for workers. 29 U.S.C. § 202(a). The availability and award of attorney fees under § 216(b) must reflect the obvious congressional intent that the policies enunciated in § 202 be vindicated, at least in part, through private lawsuits charging a violation of the substantive provisions of the wage act.

*United Slate, Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495, 501–02 (6th Cir. 1984); 29 U.S.C. § 202. In awarding fees, "[t]he relevant issue…is not whether hindsight vindicates an attorney's time expenditures, but whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." *Wooldridge v. Marlene Indus. Corp.*, 898 F.2d 1169, 1177 (6th Cir. 1990).

Plaintiff's counsel kept contemporaneous records of their hours worked in this case. *See* Exhibit 4, Declaration of Josh Sanford (hereinafter "Decl. Sanford") ¶ 28, Exhibit 5, Billing Spreadsheet. Time expended in this case included concerted efforts by Plaintiff's counsel to serve Defendants. Although Plaintiff incurred $9,412.00 in attorneys' fees, Plaintiffs have proposed a twelve percent (12%) reduction in the amount of fees incurred in order to account for any inefficient or unnecessary billing in this case. *Id*.

Section 216(b) of the FLSA also provides for an award of costs to a prevailing plaintiff. 29 U.S.C. § 216(b); *see also* Rule 54(d) (allowing an award of costs to a prevailing party). Costs recoverable under Rule 54(d) are identified in 28 U.S.C. § 1920. "Under the FLSA, however, 'costs include reasonable out-of-pocket expenses beyond those normally allowed under Rule 54(d) and 28 U.S.C. § 1920.'" *Hendricks v. Inergy,*

Page 9 of 11
Diby Ako v. Arriva Best Security, Inc., et al.
U.S.D.C. (N.D. Tex.) Case No. 3:22-cv-1751-S
Brief in Support of Renewed Motion for Default Judgment

*L.P.*, 2014 U.S. Dist. LEXIS 6044, at *22 (E.D. Ark. Jan. 6, 2014) (internal editing marks omitted); *Shorter v. Valley Bank & Trust Co.*, 678 F. Supp. 1518 1523, 30 WH Cases 334 (D. Kan. 1991); *Walton v. United Consumers Club*, 786 F. 2d 303, 316, 27 WH Cases 962 (7th Cir. 1986). "Reimbursement for travel, meals, lodging, photocopying, long-distance phone calls, computer legal research, postage, courier service, mediation, exhibits, document scanning, and visual equipment are the types of litigation expenses that are recoverable under the FLSA as part of an attorneys' fee award." *Alex v. KHG of San Antonio, LLC*, 125 F. Supp. 3d 619, 630 (W.D. Tex. 2015).

Plaintiff seeks $870.50 in costs. *See* Decl. Sanford ¶ 38, Exhibit 6, Costs Invoice. Costs were necessarily incurred, and the services giving rise to the costs were actually and necessarily performed. *See* 28 U.S.C. § 1924; Decl. Sanford ¶ 37. Each cost is described sufficiently to demonstrate that the cost was necessary. Accordingly, Plaintiff requests an award of all costs.

## VI.    CONCLUSION

Plaintiff Diby Ako respectfully requests that the Court enter judgment against the Defendants, as set forth above.

**Page 10 of 11**
**Diby Ako v. Arriva Best Security, Inc., et al.**
**U.S.D.C. (N.D. Tex.) Case No. 3:22-cv-1751-S**
**Brief in Support of Renewed Motion for Default Judgment**

Respectfully submitted,

**PLAINTIFF DIBY AKO**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, the undersigned counsel, do hereby certify that on the date imprinted by the CM/ECF system, a copy of the foregoing BRIEF was filed via the CM/ECF system, which will provide notice to all interested parties. Notice has been delivered by other means to:

Arriva Best Security Inc.
c/o Aimee Koffee
5482 Wilshire Blvd. Ste. 219
Los Angeles, CA 90036

Amoifo Koffee
9955 Durant Drive, Unit 304
Beverley Hills, CA 90212-1601

Arriva Best Security Inc.
2435 N. Central Express Way, 12th Floor
Richardson, Texas 75080

*/s/ Josh Sanford*
**Josh Sanford**

Page 11 of 11
Diby Ako v. Arriva Best Security, Inc., et al.
U.S.D.C. (N.D. Tex.) Case No. 3:22-cv-1751-S
Brief in Support of Renewed Motion for Default Judgment