IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DIBY AKO, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:22-cv-1751-S-BN |
| | § | |
| ARRIVA BEST SECURITY, INC. and | § | |
| AMOIFO KOFFI, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER AUTHORIZING LIMITED
DISCOVERY AND ADMINISTRATIVELY CLOSING CASE**

On September 12, 2024, the Court denied Plaintiff Diby Ako's renewed motion for default judgment after finding that Ako's pleadings fail to support default judgment – that is, his complaint fails to plausibly allege a claim under the Fair Labor Standards Act ("FLSA") against the defaulting defendants, Arriva Best Security, Inc. ("ABS") and Amoifo Koffi. *See* Dkt. Nos. 35-37 & 39-40.

On December 2, 2024, Ako filed a Motion for Limited Discovery, to obtain written discovery (responses to interrogatories and requests for production and admissions) from ABS limited to the issue of FLSA coverage. *See* Dkt. No. 41.

The next day, United States District Judge Karen Gren Scholer referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b). *See* Dkt. No. 42.

Serving and responding to discovery is generally accomplished through the cooperation of the parties and without court intervention, unless such intervention is needed. *See, e.g., Chavez v. Compton*, No. CV-08-8-BLG-RFC, 2010 WL 231359, at *5

(D. Mont. Jan. 20, 2010) ("It is not the role of the Court to assist litigants, even those proceeding pro se, in the pursuit of discovery.").

And Federal Rule of Civil Procedure 26(d)(1) mandate that "a party 'may not seek discovery from any source before the parties have conferred as required by [Federal Rule of Civil Procedure] 26(f), except ... [when authorized by these rules, by stipulation, or] by court order,'" *Fiduciary Network, LLC v. Buehler*, No. 3:15-cv-808-M, 2015 WL 11120985, at *1 (N.D. Tex. Mar. 23, 2015) (quoting FED. R. CIV. P. 26(d)(1)).

That is, in general, "[u]nder Federal Rule of Civil Procedure 26(d)(1), parties may not seek discovery from any source before the Rule 26(f) conference. This includes service of a subpoena on a third party under [Federal Rule of Civil Procedure] 45." *Dish Network L.L.C. v. Motasaki*, No. 4:20-CV-1702, 2020 WL 10786543, at *1 (S.D. Tex. June 26, 2020).

But, in this context – where the defendants are in default, but the plaintiff is unable to obtain a default judgment because the Court has found his pleadings deficient, and the plaintiff maintains that the information needed to cure his deficient pleadings "is in Defendants' possession," Dkt. No. 41 at 3 – these general standards can yield where the movant shows good cause to authorize expedited discovery, *see, e.g.*, *Twitch Interactive, Inc. v. Johnston*, No. 16-cv-3404 BLF, 2017 WL 1133520, at *3 (N.D. Cal. Mar. 27, 2017) ("find[ing] that Twitch has established good cause to warrant expedited discovery in this matter in order to support the anticipated motion for entry of default judgment and the claim for damages").

Although the United States Court of Appeals for the Fifth Circuit "has not explicitly adopted a standard to determine whether a party is entitled to expedited discovery, several district courts within the Fifth Circuit … have expressly utilized the 'good cause' standard when addressing the issue," which "takes into consideration such factors as the breadth of the discovery requests, the purpose for requesting expedited discovery, the burden on the defendants to comply with the requests, and how far in advance of the typical discovery process the request was made," and under which "a court must examine the discovery request 'on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances.'" *ELargo Holdings, LLC v. Doe–68.105.146.38*, 318 F.R.D. 58, 61 (M.D. La. 2016) (citation omitted).

In sum, "good cause typically exists where" "[t]he party seeking expedited discovery" demonstrates that "the need for expedited discovery outweighs the prejudice to the responding party," while showing that "the scope of the requests [are] narrowly tailored to the necessary information [sought]." *Id.* (cleaned up).

And "[c]ourts have found good cause to exist when the case cannot proceed absent the expedited discovery." *Dish Network*, 2020 WL 10786543, at *1 (citing *St. Louis Grp.*, 275 F.R.D. at 241).

The Court's review of the limited discovery proposed by Ako – necessary to, if possible, move this case forward – reveals good cause. And the Court GRANTS Ako's motion to authorize limited expedited discovery.

But, because it is uncertain that (or, if so, when) Ako will be able to obtain

responses to the discovery requested, considering that the defendants have defaulted, the Court further finds that this lawsuit should be ADMINISTRATIVELY CLOSED.

Even so, at any time, any party may move to reopen this case – or the Court may do so *sua sponte*. And nothing in this order shall be considered a dismissal or disposition of this case, as "[t]he effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; i.e., administratively closed cases are not counted as active." *Mire v. Full Spectrum Lending, Inc.*, 389 F.3d 163, 167 (5th Cir. 2004) (citation omitted).

Accordingly, the United States District Clerk is instructed to submit a JS-6 form to the Administrative Office, thereby removing this case from the statistical records.

SO ORDERED.

DATED: December 5, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE